LUTTIG, Circuit Judge,
concurring in the judgment:
I concur in the judgment of the court, but not in its opinion. I concur in the judgment because Armco is, and Babcock Mining is not and cannot be, the coal mine operator responsible, by statute and regulation, for payment of Martin’s black lung benefits. The court never actually addresses Armco’s argument that Babcock Mining is the responsible operator under 20 C.F.R. § 725.493. However, that argument is unavailing because it rests upon a fundamental misreading of the regulation. Section 725.493(b) provides that an employer may establish that a miner was not “regularly employed for a cumulative year,” through proof that the miner “was not employed by [that employer] for a period of at least 125 working days.” However, this regulation does not provide the converse, upon which Armco’s argument rests — namely, that regular employment for a cumulative year is established through proof that the miner was employed for a period of at least 125 working days. The mere fact that Martin worked for Babcock Mining for a period of in excess of 125 days, therefore, does not establish that Martin worked for that operator for the required one-year period. Because of this, and because Martin was not otherwise regularly employed by Bab-cock Mining for a period of one year or for partial periods totaling one year, Babcock Mining is not and cannot be considered the coal mine operator responsible for Martin’s black lung benefits.